# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JIMMY P. CANYON, JR.,

      Petitioner, : Case No. 1:10-cv-662

      -vs- : Chief Judge Susan J. Dlott
             Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN,
 Warden, Lebanon Correctional
 Institution,
                                        :

      Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Jimmy Canyon, Jr., brought this habeas corpus action *pro se* to obtain release from the imprisonment term he is serving in Respondent's custody. Mr. Canyon was convicted by a jury on two counts of aggravated robbery, two counts of felonious assault, with each of these four counts carrying a firearm specification, and one count of having weapons under disability. He was then sentenced to an aggregate prison term of twenty-two years. After seeking review of these convictions in the Ohio courts by various means, he filed this case, pleading the following four grounds for relief:

> **Ground One:** Denial of due process of law where confinement based upon lack of subject-matter jurisdiction.
>
> **Supporting Facts:** Where Petitioner's indictment for aggravated robbery and having weapons under disability fail to allege a mens rea element State trial court lacked subject-matter jurisdiction to convict and or sentence.
>
> **Ground Two:** Conviction secured in violation of Sixth and

Fourteenth Amendment right to effective assistance of trial counsel.

**Supporting Facts:** Trial counsel rendered constitutionally ineffective assistance of counsel where he failed to file and litigate a motion to suppress in-court identification of Petitioner; failed to request identification expert and failed to object to prosecutorial misconduct.

**Ground Three:** Denial of Fourteenth Amendment's due process and equal protection.

**Supporting Facts:** State trial court exceeded its sentencing authority where the Petitioner was sentenced for both Aggravated Robbery and Felonious Assault, crimes of similar import and allied offenses.

**Ground Four:** Evidence insufficient under 14th Amendment.

**Supporting Facts:** Evidence was insufficient under 14th Amendment to U.S. Constitution to support Petitioner's convictions because of Identification evidence.

(Petition, Doc. No. 1, PageID 5-9.)

On Judge Hogan's Order (Doc. No. 2), the Warden has filed a Return of Writ (Doc. No. 10). Judge Hogan set a date of twenty-one days after the Return's filing for Petitioner to file a reply (Doc. No. 2). That time expired February 21, 2011, and no reply has been filed.

### Ground One

In his first Ground for Relief, Canyon asserts that the Hamilton County Common Pleas Court lacked subject matter jurisdiction over the charges of aggravated robbery and having weapons under disability because the counts of the indictment charging those offenses failed to include a required *mens rea* element.

Canyon admits in his Petition that he never presented this claim to the Ohio courts. This

-2-

failure would ordinarily give rise to a procedural default defense, but the Warden does not raise that defense and this Court is therefore not precluded from reaching the merits.

The Warden asserts this first Ground for Relief does not state a constitutional claim, but the Court disagrees. A court without jurisdiction cannot impose a valid sentence. Lack of jurisdiction in a state court to impose a sentence has been an available claim in federal habeas since our jurisdiction was expanded to state court prisoners in 1867. But it is a question of state law whether a particular state court has been given jurisdiction.

In Ohio, the Common Pleas courts have jurisdiction to try felony cases and impose sentence for resulting convictions. However, absence of a *mens rea* requirement does not deprive the court of jurisdiction. "[W]hen an indictment fails to charge a *mens rea* element of the crime but tracks the language of the criminal statute describing the offense, the indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective." *State v. Horner*, 126 Ohio St. 3d 466, 473 (2010).

Ground One for Relief is therefore without merit and should be dismissed.

**Ground Two**

In his second Ground for Relief. Mr. Canyon alleges he received ineffective assistance of trial counsel in that he: (1) failed to file and litigate a motion to suppress in-court identification of Petitioner, (2) failed to request an identification expert, and (3) failed to object to prosecutorial

misconduct. The state court of appeals decided this claim on the merits.[1] Under those circumstances, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

This claim was Petitioner's fifth assignment of error on direct appeal which the Court of Appeals decided as follows (omitting decisions on sub-claims here):

> [*P21] In his fifth assignment of error, Canyon asserts that he was deprived of the effective assistance of counsel. To prevail on this assignment of error, Canyon must demonstrate that his counsel's performance was deficient and that, absent his counsel's errors, the result of the trial would have been different. *See State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373; *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L. Ed. 2d 674. Our review of counsel's performance must be "highly deferential." *Strickland, supra,* at 689.
>
> [*P22] Canyon contends that his counsel's performance was deficient because he did not file a motion to suppress the identification by Nelson, Denny, Davis, and Hoover; failed to conduct a meaningful voir dire during jury selection; failed to ask for an expert to testify about eyewitness testimony; failed to object to the prosecutor's leading questions; failed to object to the admission of hearsay testimony; failed to object to the admission of evidence of other crimes or bad acts; and failed to request an in camera inspection of all witness statements. We consider each of these claims in turn.
>
> [*P23] "Failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." *Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, 106 S.Ct. 2574, 91L. Ed. 2d 305. Counsel's failure to file a motion to suppress the photographic identification of

---

[1] Petitioner's claim of ineffective assistance of trial counsel on direct appeal was broader than the claim made here. He omits here the following sub-claims made on direct appeal: failure to conduct appropriate voir dire and failure to request an *in camera* inspection of all witness statements.

-4-

Canyon would be prejudicial only if there was a probability of success on the motion. *State v. O'Hara* (June 29, 2001), 1st Dist. Nos. C-000314 and C-000318, 2001 Ohio App. LEXIS 2888. On the record before us, we are not persuaded that a motion to suppress would have been successful.

[*P24] To have succeeded on his motion to suppress the photographic identification of Canyon by Hoover, Davis, and Denny, Canyon would have had to have demonstrated that the identification procedure was unduly suggestive and that the identification was unreliable. *State v. Waddy* (1992), 63 Ohio St.3d 424, 438, 588 N.E.2d 819. We note first that the array that Detective Pitsch showed Hoover, Davis, and Denny was not itself unduly suggestive. The array consisted of six photographs of men who shared physical characteristics.

[*P25] Canyon argues that comments made by Detective Pitsch while showing the array to Davis, Hoover, and Denny made the procedure unduly suggestive. Davis testified that Detective Pitsch had "just told me to pick out the shooter. [Pitsch] said see if you recognize any of those guys." Hoover stated that Detective Pitsch had said "that he believed the guy that did it was on the paper, and he wanted me to take a look at it." And according to Denny, "[Pitsch] said, look at this lineup and see if you can identify the right person." Detective Pitsch's testimony differed from that of Davis, Hoover, and Denny. According to Detective Pitsch, he "asked [Davis] to take a look at this and see if there was anyone in this that could have possibly been the shooter in this case." During direct examination, Detective Pitsch testified that he told Hoover, "[I]f the guy is in here from the shooting, please pick him out." On cross-examination, he stated, "I told [Hoover] I thought we had a possible suspect, and if he could look at the photo array, see if he was in there." Finally, Detective Pitsch stated that he told Denny "just to take a look and see if the person who had shot John Davis was in the lineup."

[*P26] It is possible that, had the trial court believed the testimony of Davis, Hoover, and Denny, rather than Detective Pitsch's, it could have found that the identification procedure was unduly suggestive. Canyon would then have had the burden to show that the identifications made by Davis, Hoover, and Denny were unreliable. But there is nothing in the record to indicate that there was a "substantial likelihood of misidentification." *State v. Haynes*, 1st Dist. No. C-020685, 2004 Ohio 762. Even Canyon's appellate brief does not contend that the identifications were unreliable. Rather, he

argues that a motion to suppress should have been filed to determine if they were. On the record before us, we cannot conclude that had defense counsel filed a motion to suppress, it would probably have been successful.

[*P27] Canyon also . . . maintains that his counsel should have requested an expert in identification testimony at state expense. Absent a demonstration in the record that such an expert's testimony would have resulted in a different trial outcome, we will not secondguess trial counsel's decision to challenge the identification testimony through cross-examination, rather than with an expert witness. *See State v. Madrigal*, 87 Ohio St.3d 378, 390-391, 2000 Ohio 448, 721 N.E.2d 52.

[*P17] Canyon's fourth assignment of error is that he was deprived of a fair trial due to prosecutorial misconduct. Specifically, he argues that the prosecutor repeatedly asked leading questions. We must determine whether the prosecutor's questions were improper, and if so, whether they affected a substantial right of Canyon's. *State v. Smith* (1984), 14 Ohio St.3d 13, 14-15, 14 Ohio B. 317, 470 N.E.2d 883.
* * *
[*P20] Canyon did not object to the other questions. Thus, he has waived all but plain error. *State v. Hanna,* 95 Ohio St.3d 285, 2002 Ohio 2221, 767 N.E.2d 678, P77. Having reviewed the record, we conclude that the prosecutor resorted to leading questions to move the trial along, not to influence his witnesses' testimony.10 And even if the questions had been improper, given the eyewitness testimony, we cannot say that the outcome of the trial would have been different had leading questions not been asked. The fourth assignment of error is overruled.
* * *
[*P28] Canyon next raises his counsel's failure to object to many of the prosecutor's leading questions. As we have already discussed, most of the questions were leading to move the trial along. It is likely that counsel did not want to interrupt the flow of the trial by objecting to questions that were not prejudicial. We will not second-guess this approach.

*State v. Canyon*, 2009 Ohio 1263, 2009 Ohio App. LEXIS 1096 (Ohio App. 1st Dist. Mar. 20, 2009).

In deciding Mr. Canyon's claims of ineffective assistance of trial counsel, the state Court of Appeals applied the appropriate federal standard as enunciated in *Strickland, supra.* Having

reviewed that application, this Court cannot say it was objectively unreasonable. The Court of Appeals concluded that Canyon could not have satisfied either prong of the test needed to suppress the photographic identifications. It is unlikely that an expert in eyewitness identification would have been much help as there were three victim eyewitnesses and they had some time to observe Petitioner. Finally, the Court of Appeals found no prosecutorial misconduct and therefore no ineffective assistance of trial counsel in failing to interrupt the prosecutor's questioning.

The Court of Appeals' decision is thus not objectively unreasonable. Mr. Canyon's second Ground for Relief should be dismissed.

## Ground Three

In his third Ground for Relief, Mr. Canyon asserts he was improperly sentenced for both aggravated robbery and felonious assault because they are allied offenses of similar import and were committed in this case with a single animus. The relevant Ohio statute is Ohio Revised Code § 2941.25.

> [*P33] Canyon's sixth assignment of error is that the trial court erred when it imposed consecutive sentences for aggravated robbery and felonious assault. He contends that the offenses are allied offenses of similar import.
>
> [*P34] A defendant cannot be convicted of two offenses if they are allied offenses of similar import. Ohio Revised Code § 2941.25(A) Offenses are allied offenses of similar import "if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other." *State v. Cabrales*, 118 Ohio St.3d 54, 2008 Ohio 1625, 886 N.E.2d 181, paragraph one of the syllabus. Canyon was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1), which requires having a deadly weapon and either

> displaying it, brandishing it, indicating possession of it, or using it, while committing a theft offense, and felonious assault in violation of R.C. 2903.11(A)(1), which requires causing serious physical harm. Commission of one of the offenses does not necessarily result in commission of the other.
>
> [*P35] Our conclusion comports with *State v. Brown*, in which the Ohio Supreme Court held that courts must consider the legislative intent behind the statutes when determining whether two offenses are allied offenses of similar import.119 Ohio St. 3d 447, 2008 Ohio 4569, 895 N.E.2d 149, at P37. The Ohio Supreme Court recognized that the legislature's intent in drafting the aggravated-robbery statute was not only to protect property but "to punish the potential for harm to persons as well as actual harm." *State v. Wharf*, 86 Ohio St.3d 375, 378, 1999 Ohio 112, 715 N.E.2d 172, citing *State v. Edwards* (1976), 50 Ohio App.2d 63, 361 N.E.2d 1083. The felonious-assault statute was not enacted to protect property. Rather, the statute was intended to prevent physical harm to persons. *State v. Nesbitt,* 1st Dist. No. C-080010, 2009 Ohio 972, at P32. *See, also, Brown, supra,* at P39, *citing Whalen v. United States* (1980), 445 U.S. 684, 100 S.Ct. 1432, 63 L. Ed. 2d 715 (Rehnquist, J., dissenting). The additional societal interest protected by the aggravated-robbery statute--property--evinces a legislative intent to consider the offenses as having different imports.

*State v. Canyon, supra.*

A federal habeas corpus court can only grant relief if a prisoner is confined in violation of the United States Constitution. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   There is no federal constitutional right not to be punished separately for allied offenses of similar import.  The relevant federal protection is against being placed twice in jeopardy for the same offense.  The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.   And it protects against multiple

-8-

> punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784 (1969).

The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).

Applying this standard to Mr. Canyon's third Ground for Relief, the Court notes that the two offenses – aggravated robbery and felonious assault – do each have an element not required to be proved for the other, theft for aggravated robbery and serious physical harm for felonious assault. To put it in terms of the facts of this case, Mr. Canyon could have been found guilty of aggravated robbery merely on proof he took the money with a gun; he could have been proven guilty of felonious assault merely on proof he shot a victim, without proof he did it while committing theft. As found by the Court of Appeals, these two statutes were intended by the legislature to permit separate punishment and thus satisfy the Double Jeopardy test.

The third Ground for Relief is without merit and should therefore be dismissed.

## Ground Four

In his fourth Ground for Relief, Mr. Canyon asserts he was convicted on insufficient evidence. It is a violation of the Fourteenth Amendment to convict a person of a crime on proof less than proof beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

The Court of Appeals decided this claim, which was Canyon's seventh assignment of error on direct appeal, and rejected it summarily. *State v. Canyon, supra,* at ¶ 32. Of course, even a summary decision can constitute a decision on the merits entitled to deference by this Court under 28 U.S.C. § 2254(d)(1). *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011).

In this Court Mr. Canyon emphasizes the asserted lack of identification evidence. However, there were three eyewitnesses who had sufficient time to view him to make an identification. Given their testimony as recounted by the Court of Appeals, this Court cannot say that no rational trier of fact could have believed them beyond a reasonable doubt. Therefore Canyon's fourth Ground for Relief is without merit and should be dismissed.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of

appealability.

September 21, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).